1. Where, over a period of time before the death of the clerk of the municipal court of Atlanta (now civil court of Fulton County), many parties litigant in cases pending deposited with the clerk in his official capacity various sums of money arising from the cases there pending, and the clerk in his name, "O. H. Puckett, clerk," deposited these principal sums in the bank, on which sums the bank paid interest, Fulton County, in a contest of claims between it, the executrix of the deceased clerk, and his successor in office, for recovery of the accumulated interest deposited by the bank with the clerk of the superior court under an order of the court rendered responsively to its interpleader, is a stranger in the *Page 124 
premises, and is not entitled either to the custody of or to the property in such fund. Ultimate depository of such funds in the successor in office of the clerk, or ultimate title thereto in the executrix, is of no legal concern to Fulton County.
2. The ruling sustaining the demurrer of the executrix to paragraph 22 of the petition and claim of Fulton County, if error, was harmless.
3. The court, acting without a jury, having found in favor of the clerk's successor in office and against the claims of the executrix and Fulton County; did not err in overruling the motion of the county for new trial.
 DECIDED OCTOBER 31, 1941.
O. H. Puckett, clerk of the municipal court of Atlanta (now the civil court of Fulton County), died while in office, and Hewitt W. Chambers was appointed his successor. For a period of time before his death Puckett, in his official capacity, received items of money in varying amounts, usually small, from parties litigating in the court of which he was clerk, to hold for final accounting either for disbursement under order of court or for return to the depositors, on final determination of the cases out of which the deposits arose. In his name, "O. H. Puckett, clerk," he deposited these moneys in the Fulton National Bank of Atlanta. The bank paid interest, which was allowed currently to accumulate. Mrs. Puckett qualified as executrix of the will of the deceased clerk, which will bequeathed in fee simple to Mrs. Puckett all money due the testator "from any source of whatever kind, banks or otherwise." The sum of accumulated interest, together with interest on interest arising since the death of the clerk, was, as to the amount now in controversy, $3444.70. The executrix, the successor in office, Hewitt W. Chambers, and Fulton County severally made demands for payment of this interest fund. The bank brought a bill of interpleader, offering to pay the fund into court, and praying that the parties mentioned be required to interplead. Responsively to this bill the court directed the bank to pay the money into court and the parties to interplead within a stipulated time and manner. This was done. It is unnecessary to set out these pleadings in detail save those with reference to the claim of Fulton County, and only so much of them as are required for determination of the issues. We quote as follows:
"(4) As clerk of said court said O. H. Puckett received out of the treasury of Fulton County throughout his term of office the *Page 125 
monthly salary provided by the act of the legislature creating said court, and amendments thereto. (5) Said salary provided for said clerk by the act creating said court and amendments thereto was paid in full throughout the period that said former clerk held office and until the day of his death. (6) Throughout the term of office of said former clerk it was his duty to pay over to the treasurer of Fulton County all fees and costs charged or collectible under the act creating said court, and the statutes providing therefor. . . (10) Said O. H. Puckett was the duly-qualified clerk of the municipal court of Atlanta (Fulton section), and as such officer was a collecting officer and an officer to hold public funds. (11) Said monies so deposited in said savings account and remaining there at the time of the death of said former clerk were derived from numerous payments and deposits made to said former clerk by parties litigant in cases instituted in said court prior to the death of said former clerk, some of which cases had been disposed of and some of which remained pending at the time of the death of said former clerk. All of said payments and deposits were received by said former clerk under the authority of the laws of the State of Georgia and by virtue of the fact that he, as such clerk, was then authorized by law to receive same. (12) Said principal fund was made up of numerous sums paid to said former clerk in numerous cases, all of which cases and amounts are identified by the dockets of said court. In many of said cases it would be impossible because of lapse of time, death of parties, and changes of address to locate the persons who upon demand might be entitled to said various sums. . . (15) All interest, as included in the funds so paid into the registry of court, became attached to said principal funds by way of accretion or increment thereto. . . (17) No part of said monies on deposit in said savings account was salary or compensation of any character legally earned by said O. H. Puckett as clerk of said court. (18) Said sums which had been paid by litigants to said O. H. Puckett as clerk of said court during his lifetime were and are payable to such litigants, attorneys and officials as the dockets of cases in said court may disclose as being entitled thereto, and, where the ownership is not disclosed by the dockets of said courts, are due and payable to such parties as the judgments and orders in the various cases may disclose as being respectively entitled thereto. . . (24) Petitioner, as the official *Page 126 
corporate unit in which said municipal court of Atlanta is located claims all of said sums so deposited with the deputy clerk of said superior court of Fulton County, claiming the portion of said fund representing the principal amount of sums paid to said former clerk in so far as this claimant may be entitled thereto, and particularly the interest which has accumulated ($74.13) as an accretion to said principal fund."
Relatively to the plaintiff in error, the order of the court was in part as follows: "Said fund did not result from costs of proceedings in the municipal court of Atlanta, and therefore Fulton County is not entitled to the same. Said fund remained under the control of the civil court of Fulton County, formerly known as the municipal court of Atlanta, and Mr. Hewitt W. Chambers as clerk of said court is entitled to receive and possess said fund as the successor in office of O. H. Puckett, deceased, subject to the control and direction of the civil court of Fulton County, as authorized by law. The principle on which the interest was allowed attached proportionately to the funds on which the interest was paid, and in that proportion belongs to those who were entitled to receive the principal due them respectively in said proceedings. If that should be ascertained the civil court of Fulton County would be authorized to pay it out proportionately to the parties entitled to receive the same. The legislature would have the right to provide that if claim is not made to said fund within a prescribed time, fixed by the legislature itself, it should be forfeited to Fulton County. As yet that has not been done. Wherefore, it is ordered and adjudged that said fund be paid to Hewitt W. Chambers, as clerk of the civil court of Fulton County, after deducting the costs of this proceeding, to be held by him in his official capacity until disposed of in a manner prescribed by law." The court, acting without a jury, found that Hewitt W. Chambers was entitled to receive the fund in his official capacity as clerk, and as successor to O. H. Puckett, deceased clerk, and awarded judgment accordingly. To this judgment Fulton County excepted, naming the successor clerk and the executrix of the deceased clerk as defendants in error.
1. The assignments of error (other than a ruling *Page 127 
on demurrer) are on the general grounds and on four additional grounds which are in effect only an enlargement of the general grounds. The burden of the assignment is that, since the fund in question is interest accrued entirely on funds of parties litigating in the court of which the deceased was clerk, deposited with him in his official capacity, and since it is unlikely, improbable, or impossible that the fund will ever be ordered disbursed by court order to, or demanded by, or returned to, the depositing parties, either as principal or interest accruals, and since such interest increments are perquisites as to the deceased clerk, to which by law he was not entitled, but forbidden to receive, and since as a matter of law the executrix was not entitled to said sum in right and title of her testator, and since the court subsists in, and has its situs in, Fulton County, and Fulton County has duly paid all salaries due the deceased clerk, Fulton County is entitled to the fund, and the court erred in awarding it to Chambers in his official capacity as successor to the deceased clerk.
The claim of Fulton County is untenable and the assignments of error are without merit. Whatever may be the law prohibiting the receipt of fees and perquisites by the clerk of the court (Ga. L. 1913, pp. 145, 153, § 16; Ga. L. 1922, pp. 209, 211, sec. 2; Ga. L. 1935, pp. 500, 505, § 7), no right to any fee or perquisite arises in Fulton County by virtue of its character as such, or because either the executrix or succeeding clerk, or neither, might be entitled to the fund, or because, perchance, the depositors of the original principal sums, on which the interest arose, may never, or can not ever, call for or reclaim by court order or otherwise the sums deposited together with the interest increment, if it should run with the principal, or because Fulton County maintains the court and pays the salaries of its officers, inclusive of the clerk. Fulton County can take custody and title to such funds as for which provisions of law have been made, and in no other. The pleadings and evidence fail to bring the right under such laws. Speaking by analogy, there is no such status of sovereign in Fulton County to whom, continuing the analogy, the property might "escheat." Whatever may be the rights of the defendants in error in the premises, Fulton County is a stranger thereto, and the court did not err in denying its motion for new trial.
2, 3. These headnotes require no discussion.
Judgment affirmed. Broyles, C. J., and MacIntyre, J.,concur. *Page 128